IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOMINIC RICKETT, ) | |
| No. 23439-045, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00901-DRH |
| ) | |
| JAMES CROSS, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner Dominic Rickett is currently incarcerated in the Greenville Federal Correctional Institution, located within this judicial district. In 2012 Rickett pleaded guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). He was found to qualify as an armed career criminal under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act ("ACCA"). Consequently, he was subjected to a mandatory minimum sentence of 15 years. *See United States v. Rickett*, Case No. 11-cr-181-DW-1 (W.D. Mo. 2012).

Citing the Supreme Court's recent ruling in *Johnson v. United States*, __U.S. __, 135 S. Ct. 2551, 2557 (2015), Rickett brings this habeas corpus action pursuant to 28 U.S.C. § 2241, challenging his sentence. The petition is now before the Court for review under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## Discussion

Under the ACCA, a person convicted under 18 U.S.C. § 922(g)—such as petitioner—is subject to an increased sentence if he or she has three previous convictions for a violent felony or a serious drug offense, or both. 18 U.S.C. § 922(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.* 18 U.S.C. § 924(e)(2)(B). The italicized clause is referred to as the "residual clause." The ACCA provides for a 15-year mandatory minimum sentence.

As noted above, petitioner Rickett was sentenced as an armed career criminal. He unsuccessfully appealed his sentence (*United States v. Rickett*, 516 F. App'x 606 (8th Cir. 2013), and a subsequent motion attacking his sentence pursuant to 28 U.S.C. § 2255 also failed (*Rickett v. United States*, Case No. 14-cv-

650-DW (W.D. Mo. 2014), aff'd (cert. of appealability denied) Case No. 14-3811 (8th Cir. Jun. 3, 2015)).  Neither the direct appeal nor the Section 2255 motion directly attacked the ACCA, but Rickett pressed challenges to the offenses qualifying him for the ACCA enhanced sentence.

The Supreme Court recently held in *Johnson v. United States*, __U.S. __, 135 S. Ct. 2551, 2557 (Jun. 26, 2015), that, relative to the ACCA, imposition of an enhanced sentence under the so-called "residual clause" (18 U.S.C. § 924(e)(2)(B)(ii)) violates due process because the vagueness of the clause "denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.*,135 S. Ct. at 2557.  Relying on *Johnson*, petitioner argues that he should be resentenced without the ACCA enhancement, which would drop his 15-year sentence into the range of 70-87 months.

Ordinarily, a person may challenge his federal conviction and sentence only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus.  A Section 2241 petition by a federal prisoner is generally limited to challenges to the actual execution of the sentence.  *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991).  Federal prisoners may utilize Section 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of Section 2255(e).  28 U.S.C. § 2255(e).

The savings clause allows a petitioner to bring a claim under Section 2241 where he can show that a remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *see* also *United States v. Prevatte,* 300 F.3d 792, 798–99 (7th Cir. 2002). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger,* 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)).

The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Since *Johnson* was published, the law has been evolving on a daily basis. In an overabundance of caution, this court has allowed all *Johnson*-based Section 2241petitions to proceed, while noting that pursuing a parallel Section 2255 petition would be a prudent and possibly speedier route to the resolution of most cases. Such a cautious approach no longer appears warranted.

On August 4, 2015, the Seventh Circuit specifically concluded that *Johnson* announces a new substantive rule of *constitutional* law that is retroactively

applicable in a collateral attack on a final conviction. *Price v. United States*, 795 F.3d 731, 732-35 (7th Cir. Aug. 4, 2015) (authorizing District Court to consider second or successive Section 2255 motion seeking relief under *Johnson* relative to an ACCA sentence). *Price* indicates that a motion filed pursuant to Section 2255 is the primary vehicle for seeking relief under *Johnson*.

Furthermore, petitioner's argument for why Section 2255 is an inadequate remedy evaporated when *Price* was published. The implied argument that the Section 2241 petition should be allowed to proceed in case the Eighth Circuit (the circuit of conviction) construes *Johnson* differently is specious. "When there is a circuit split, there is no presumption that the law in the circuit that favors the prisoner is correct, and hence there is no basis for supposing him unjustly convicted merely because he happens to have been convicted in the other circuit." *In re Davenport*, 147 F.3d at 612 (citing *Cain v. Markley*, 347 F.2d 408, 410 (7th Cir. 1965)).

With all that being said, the petition pending before this Court was filed pursuant to 28 U.S.C. § 2241, and cannot be re-characterized as a Section 2255 motion. In *Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir. 2007), the Seventh Circuit held that "judges must respect the plaintiff's choice of statute to invoke- whether § 2241, § 2255, or 42 U.S.C. § 1983-and give the action the treatment appropriate under that law." Consequently, Rickett's Section 2241 petition will be dismissed with prejudice.

If petitioner decides to pursue relief under Section 2255, he is advised that because he previously filed a Section 2255, he, like the petitioner in *Price*, would need to seek permission to file a second or successive Section 2255 motion with the federal Court of Appeals of the circuit in which he was sentenced.  *See* 28 U.S.C. § 2244(b)(3).  Petitioner is advised that the one-year period prescribed by 28 U.S.C. 2255 (f)(3) for filing a Section 2255 motion runs from the date of the Supreme Court's ruling initially recognizing the right asserted, *not* from the date the newly recognized right was found to be retroactive.  *Dodd v. United States*, 545 U.S. 353, 357 (2005).

**IT IS HEREBY ORDERED** that petitioner Rickett's Section 2241 petition (Doc. 1) is **DISMISSED with prejudice**.  The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within sixty days of the entry of judgment.  FED.R.APP.P. 4(a)(1)(B).  A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.  *See* FED.R.APP.P. 24(a)(1)(C).  If petitioner does choose to appeal and is allowed to proceed *in forma pauperis*, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725–26 (7th Cir. 2008).  A timely motion filed pursuant to Federal Rule of Civil

Procedure 59(e) may toll the appeal deadline.  *See* FED.R.APP.P. 4(a)(4) (listing motions that alter the time for filing an appeal).

It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**Dated: 9/11/2015**

Digitally signed by David R. Herndon
Date: 2015.09.11 15:43:35 -05'00'

**United States District Judge**